| | |
|---|---|
| SANDRA BOND, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>BERKSHIRE BANK and BERKSHIRE HILLS BANCORP,<br><br>                  Defendants. | Civil Action<br><br><br>No. 3:16-CV-30050-MGM |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO EXCLUDE DEFENDANTS' EXPERT

**McLAUGHLIN & STERN LLP**
260 Madison Ave., 18th Floor
New York, New York 10016
Tel: (212) 448-1100

**LAW OFFICES OF ANGELA EDWARDS**
72 Canterbury Circle
East Longmeadow, Massachusetts 01028
Tel: (413) 525-3820

**CONNOR, MORNEAU & OLIN, LLP**
273 State Street, Second Floor
Springfield, Massachusetts 01103
Tel: (413) 455-1730

*Counsel for Plaintiff and the Proposed Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

    I.    GOVERNING STANDARDS ............................................................................ 3

    II.   THE KIRK-FAIR REPORT DOES NOT MEET THE STANDARDS
        FOR ADMISSABILITY AND SHOULD BE EXCLUDED ........................................ 5

        A.    Kirk-Fair's Opinions Regarding Individualized Issues of Reliance and
            Knowledge Are Irrelevant to the Issues in the Case and Should be Excluded ..... 5

        B.    Kirk-Fair's Opinions Regarding Issues of Reliance, Typicality, and Damages
            Are Based Upon Unsupported Assumptions and Should be Excluded ................ 8

        C.    Kirk-Fair's Opinion Should Be Excluded as Inadmissibile Legal Opinion ......... 13

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Abbot Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*,
    2014 U.S. Dist. LEXIS 175470 (D. Mass. Dec. 10, 2014) .................................................. 4

*Adams v. New Eng. Scaffolding, Inc.*,
    2015 U.S. Dist. LEXIS 170688 (D. Mass. 2015) ....................................................... 11, 12

*Berry v. City of Detroit*,
    25 F.3d 1342 (6th Cir. 1994) ...................................................................................... 12

*Bogosian v. Mercedes-Benz of N. Am. Inc.*,
    104 F.3d 472 (1st Cir. 1996) .................................................................................. 4, 6, 8

*Breezy Point Coop. v. Cigna Prop. & Cas. Co.*,
    868 F. Supp. 33 (E.D.N.Y. 1994) .............................................................................. 12

*Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*,
    752 F.3d 82 (1st Cir. 2014) ......................................................................................... 4

*Burkhart v. Washington Metro. Area Transit Auth.*,
    112 F.3d 1207 (D.C. Cir. 1997) ................................................................................ 12

*Cavanagh v. Taranto*,
    95 F. Supp. 3d 220 (D. Mass. 2015) ......................................................................... 5, 6

*Cipollone v. Yale Indus. Prods.*,
    202 F.3d 376 (1st Cir. 2000) ....................................................................................... 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ......................................................................................... 2, 4, 5, 6

*Friedman v. 24 Hour Fitness USA, Inc.*,
    2009 U.S. Dist. LEXIS 81975 (C.D. Cal. Aug. 25, 2009) ............................................ 4, 7

*Hochen v. Bobst Group, Inc.*,
    290 F.3d 446 (1st Cir. 2002) ................................................................................ 5, 6, 7

*In re Nat'l Football League Players Concussion Injury Litig.*,
    821 F.3d 410 (3d Cir. 2016) ...................................................................................... 10

*New England Surfaces v. E.I. DuPont de Numours & Co.*,
    2007 U.S. Dist. LEXIS 90057 (D. Maine 2007) ............................................................ 9

*Nieves-Villanueva v. Soto-Rivera*,
    133 F.3d 92 (1st Cir. 1997) ............................................................................................. 11

*Quinones-Pacheco v. American Airlines, Inc.*,
    979 F.2d 1 (1st Cir. 1992) ............................................................................................ 5, 9

*Stobie Creek Invs. LLC v. United States*,
    2010 U.S. App. LEXIS 11927 (Fed Cir. 2010) ............................................................. 12

*Tigges v. AM Pizza, Inc.*,
    2016 U.S. Dist. LEXIS 100366 (D. Mass. 2016) ........................................................... 10

*United States v. Downing,*
    753 F.2d 1224 (3d Cir. 1985) .......................................................................................... 5

**Rules**

Fed. R. Civ. P. 23(a)(3) ........................................................................................................ 10

Fed. R. Evid. 702 ................................................................................................................. 11

**Secondary Sources**

4-702 Weinstein's Federal Evidence § 702.03 (2018) ........................................................ 11

Fed. R. Evid. 702 Adv. Comm. Notes .................................................................................... 4

Plaintiff, Sandra Bond ("Plaintiff"), by and through her undersigned counsel, respectfully submits this memorandum of law in support of her motion to exclude the purported expert opinion proffered by Rebecca Kirk-Fair ("Kirk-Fair") on behalf of Defendants Berkshire Bank and Berkshire Hills Bancorp (collectively, "Defendants"), and any purported expert testimony of Kirk-Fair in connection with Plaintiff's motion for class certification or at trial on behalf of Defendants.[1]

## PRELIMINARY STATEMENT

Under well-settled authority, an expert who purports to opine on issues that are factually and legally irrelevant to the claims and defenses in a lawsuit should be excluded. That is precisely what Defendants have done here. Specifically, Defendants have retained Rebecca Kirk-Fair to render opinions about the purported individualized issues of reliance that Plaintiff must demonstrate to establish Defendants' liability. Defendants have also retained Kirk-Fair to opine on whether Plaintiff is a "typical" class representative under Federal Rule 23(a)(3). As demonstrated below, Kirk-Fair's opinions should be excluded because they are irrelevant to the issues in this action, based upon unsupported assumptions, and purport to proffer improper legal opinions.

First, Kirk-Fair's opinions regarding purported issues of individualized reliance are irrelevant to the allegations in this action and would not assist the trier of fact. As decisions in countless overdraft fee cases have shown, a plaintiff need not establish reliance to prevail on his or her claim that a defendant breached its operative agreements with customers or engaged in unfair and deceptive trade practices. Indeed, none of the states in which Berkshire does business require that a plaintiff establish reliance as an element of a breach contract claim. Likewise,

---

[1] Terms and definitions contained in Plaintiffs' memorandum of law in support of class certification have the same use and meaning herein.

Plaintiff seeks to certify five single-territory consumer protection law subclasses, each of which has substantially identical consumer protection laws, and none of which require a plaintiff to demonstrate reliance on an alleged misrepresentation or wrongful act as part of a plaintiff's *prima facie* case. Thus, Kirk-Fair's opinions about the supposedly different "experiences" and "understandings" of Class members in connection with the imposition of overdraft fees is entirely irrelevant to any of the issues in this case.

Additionally, Kirk-Fair's opinion that Ms. Bond is "atypical" has no bearing on whether she satisfies the typicality requirements of Federal Rule 23(a)(3). That Rule does not require that the proposed Class representative's "experiences" be the same or substantially similar to those of absent class members, nor does it preclude persons from acting as class representatives purportedly because they are "outliers." Instead, Federal Rule 23(a)(3) merely requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff clearly satisfies that requirement here, regardless of the fact that she reviewed different documents or had more overdraft fees than other Class members.

Accordingly, as further set forth below, Kirk-Fair's purported expert report (the "Kirk-Fair Report") should be excluded as it fails to meet the standards established by Federal Rule of Evidence 702 and the Supreme Court of the United States in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## **STATEMENT OF FACTS**

This is a proposed class action in which Plaintiff seeks to recover damages resulting from Berkshire's improper charging of overdraft fees in violation of its own customer contracts, federal regulations and various state consumer protection laws. *See* Plaintiff's Amended Complaint ("Cmplt.") at ¶¶ 2-12, 16 (Dkt. No. 17). More specifically, Plaintiff alleges that

Defendants have employed a scheme to exact overdraft fees from customers when their accounts are not actually overdrawn and have systematically violated federal and state law in order to maximize overdraft fees by inadequately disclosing Defendants' overdraft practices. *See id.*

In an effort to avoid class certification, Defendants have retained Kirk-Fair to opine on typicality and the purported individualized issues of reliance Defendants contend Plaintiff must demonstrate to establish Defendants' liability. Kirk-Fair's purported expertise is in "survey development and administration and analysis of data on consumer behavior." *See* Ex. 1, ¶ 4.[2] Based upon her experience in this field, Kirk-Fair opines that the "claims of injury to the proposed class cannot be analyzed on a common, class-wide basis" because "one would need to evaluate the circumstances and experiences of each individual member of the proposed class to assess the potential for liability and damages." *See id.* at ¶ 16. Kirk-Fair further opines that because "[p]roposed class members varied greatly in the information they received..., [i]ndividualized inquiry is therefore necessary to evaluate what information was available to each proposed class member across the life cycle of their banking relationship with Berkshire Bank." *See id.* at ¶ 16(c). Kirk-Fair additionally opines that Plaintiff is an "atypical" representative of the Class because she is an "outlier" in terms of the frequency in which she used Berkshire's overdraft service and the number of overdrafts she has incurred. *See id.* at ¶¶ 16, 34-49.

## ARGUMENT

### POINT I

### GOVERNING STANDARDS

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

---

[2] All references to "Ex. \_" are to exhibits attached to the Declaration of Jason S. Giaimo dated May 21, 2018 (the "Giaimo Decl."), which is submitted in support of Plaintiff's Motion to Exclude Defendants' Expert Witness.

3

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. District courts considering the admissibility of expert testimony must conduct an "exacting analysis" of an expert's opinions before admitting them and must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 31 (1st Cir. 2012) (quoting *Daubert*, 509 U.S. at 597); *see also Abbot Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, 2014 U.S. Dist. LEXIS 175470, *15 (D. Mass. Dec. 10, 2014). The gatekeeping function requires that the Court consider three issues: (1) whether the proposed expert is qualified by knowledge, skill, experience, training or education; (2) whether the subject matter of the proposed testimony properly concerns scientific, technical, or other specialized knowledge; and (3) whether the testimony will be helpful to the trier of fact, *i.e.*, whether it rests on a reliable foundation and is relevant to the facts of the case. *See Bogosian v. Mercedes-Benz of N. Am. Inc.*, 104 F.3d 472, 476 (1st Cir. 1996); *see also* Fed. R. Evid. 702 Adv. Comm. Notes. The party offering the expert opinion bears the burden of demonstrating its admissibility. *See Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*, 752 F.3d 82, 96 (1st Cir. 2014).

The Supreme Court in *Daubert* characterized Rule 702's requirement that the expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" as a requirement of relevance or "fit." *See Daubert*, 509 U.S. at 592. "This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and,

4

ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citing *United States v. Downing,* 753 F.2d 1224, 1242 (3d Cir. 1985) (internal quotations omitted)). "'Fit' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." *Id*. The ultimate purpose of the *Daubert* inquiry is to determine whether the expert testimony would be helpful to the jury in resolving a fact in issue. *See Cipollone v. Yale Indus. Prods.*, 202 F.3d 376, 380 (1st Cir. 2000).

Accordingly, expert testimony will be excluded where it would not assist the trier of fact. *See id.* (affirming district court's decision to exclude expert testimony that would not assist the jury); *see also Hochen v. Bobst Group, Inc.*, 290 F.3d 446, 452-53 (1st Cir. 2002) (affirming the district court's decision excluding the plaintiff's purported expert testimony as irrelevant and unhelpful to the trier of fact); *Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 6 (1st Cir. 1992) (expert testimony held to be inadmissible where the testimony was based on an unsupported assumption); *Cavanagh v. Taranto*, 95 F. Supp. 3d 220, 231 (D. Mass. 2015) (striking the plaintiff's expert's report as irrelevant to the issues in the action).

## POINT II

### THE KIRK-FAIR REPORT DOES NOT MEET THE STANDARDS FOR ADMISSABILITY AND SHOULD BE EXCLUDED

**A. Kirk-Fair's Opinions Regarding Individualized Issues of Reliance and Knowledge Are Irrelevant to the Issues in the Case and Should be Excluded**

The crux of Kirk-Fair's purported expert report is that individualized issues of reliance and consumer knowledge render this action unsuitable for class treatment. *See* Ex. 1, ¶ 16; *see also* Ex. 2, pp. 55-56. It cannot be disputed, however, that Plaintiff need not prove reliance or individualized knowledge to prevail on her claims of breach of contract and Defendants' unfair and deceptive trade practices. Consequently, Kirk-Fair's opinions are not relevant to the issues in this action and would not assist the trier of fact.

5

As briefly discussed, *supra*, where a purported expert opinion is neither relevant nor assists the trier of fact, it must be excluded. *See Daubert*, 509 U.S. at 591; *see also Bogosian*, 104 F.3d at 480; *Hochen*, 290 F.3d at 452-53. For example, in *Cavanagh*, the court granted the defendants' motion to strike the plaintiff's expert report because, among other reasons, the opinions contained in the report were irrelevant to the action. *Cavanagh*, 95 F. Supp. 3d at 231. There, the plaintiff's mother, a pretrial detainee at the Suffolk County House of Correction, committed suicide in her cell in the medical housing unit. *Id.* at 223. Thereafter, the plaintiff brought suit under the federal Civil Rights Act, 42 U.S.C. 1983, and certain state laws, alleging that the defendants were deliberately indifferent to the plaintiff's mother's health and safety needs in violation of her due process rights. *Id.* at 223-224. In opposition to the defendants' motion for summary judgment, the plaintiff submitted an expert report, which opined that the supervisory staff failed to train the correctional officers properly as to suicide prevention and that a reasonable mental health clinician would have deemed the plaintiff's mother a potential suicide risk. *See id.* at 228. The defendants moved to strike the plaintiff's expert report, contending, among other things, that it was not relevant to the subject of the action. *Id.* at 230-231.

Ultimately, the court agreed with the defendants and struck the plaintiff's expert's opinion. *Id.* at 231. More specifically, the court held that the opinions proffered were irrelevant as they did not have a valid connection to the particular inquiry of whether the particular defendants had actual knowledge of the plaintiff's mother's serious risk of self-harm and were deliberately indifferent to that risk. *Id.*

Likewise, in *Hochen*, the First Circuit affirmed the district court's decision excluding the plaintiff's purported expert testimony as irrelevant and unhelpful to the trier of fact. *See Hochen*, 290 F.3d at 452. There, the plaintiffs were injured as a result of an explosion in a printing press

6

at their place of employment. *Id.* at 448. The plaintiffs brought suit against the designer of the printing press, asserting claims for negligence, failure to warn, and breach of warranty. *Id.* In support of their negligence claim, the plaintiffs offered the testimony of their expert, who purported to opine on the scope of work assigned to the designer by the plaintiffs' employer. *Id.* at 452. The district court held that the purported expert testimony was inadmissible as irrelevant because the scope of work assigned to the designer should have been interpreted from the perspective of a field technician, rather than the perspective of an engineer, as plaintiffs' expert contended. *See id.* On appeal, the First Circuit affirmed, concluding that the district court did not err in excluding the plaintiffs' expert's testimony since it was irrelevant and would not aid the trier of fact. *Id.*

Similarly, here, just as in *Cavanagh* and *Hochen*, Kirk-Fair's opinions are wholly irrelevant to the issues in this action. As set forth in Plaintiff's motion for class certification and the accompanying proposed Trial Plan, none of Plaintiff's claims require a showing of reliance. *See* Plaintiff's Memorandum of Law in Support of Motion for Class Certification at pp. 14, 26. As a result, Kirk-Fair's opinions regarding individualized issues of reliance and knowledge are irrelevant. Moreover, as countless other overdraft fee cases have held, it is irrelevant whether the plaintiff was exposed to "varied" disclosures about overdraft fees; subject to "different" terms and conditions; and had divergent "understandings" of when overdraft fees would be imposed. *See In re TD Bank, N.A. Debit Card Overdraft Fee Litigation*, 2018 U.S. Dist. LEXIS 28302 at \*103 (granting the plaintiffs' motion for class certification for breach of contract arising from the defendants' overdraft practices and rejecting the defendants' argument that individualized issues of reliance predominated); *Friedman v. 24 Hour Fitness USA, Inc.*, 2009 U.S. Dist. LEXIS 81975, \*30 (C.D. Cal. Aug. 25, 2009) (granting the plaintiff's motion for class certification and

rejecting the defendant's argument that individualized proof was required by plaintiff's to establish reliance to maintain the proposed EFTA class action); *In re Checking Account Overdraft Litig.*, 281 F.R.D. 667, 681 (S.D. Fla. 2012) (TD Bank) (granting the plaintiff's motion for class certification based on the defendant's purported unfair overdraft practices and rejecting the defendant's argument that individualized issues defeated predominance).

Defendants' attempt to ignore this inescapable conclusion and muddy the record with testimony concerning individualized issues of reliance and consumer knowledge should be rejected. Likewise, Defendants' affirmative defenses do not render Kirk-Fair's opinions relevant since those affirmative defenses can similarly be analyzed on a class-wide basis without consideration of issues of reliance. *See In re TD Bank, N.A. Debit Card Overdraft Fee Litigation*, 2018 U.S. Dist. LEXIS 28302, *97-99 (D.S.C. 2018) (rejecting the defendant's argument that its affirmative defenses will turn on individualized issues concerning each consumer's knowledge of, and reliance on, the bank's overdraft practices and policies). Accordingly, since Kirk-Fair's opinions are irrelevant and will not aid the trier of fact, her proposed expert report and anticipated testimony must be excluded.

**B. Kirk-Fair's Opinions Regarding Issues of Reliance, Typicality, and Damages Are Based Upon Unsupported Assumptions and Should be Excluded**

In addition to offering opinions that are irrelevant to the issues in this action, Kirk-Fair's opinion that this action is not suited for class treatment is premised upon unsupported assumptions, namely, that Plaintiff must prove reliance on, and knowledge of, Berkshire's overdraft policies and practices to establish liability; that Plaintiff cannot be typical of the class based on her opinion that she is an "outlier"; and that damages cannot be determined on a class-wide basis because the experiences and understandings of class members must be the same or

substantially similar. *See* Ex. 1, ¶¶ 16, 34-49. For this additional reason, Kirk-Fair's opinion and anticipated testimony must be excluded.

It is well-settled that an expert report that is premised upon an unsupported assumption must be excluded. *See Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 6 (1st Cir. 1992); *see also New England Surfaces v. E.I. DuPont de Numours & Co.*, 2007 U.S. Dist. LEXIS 90057, *3-4 (D. Maine 2007) (granting defendants' motion to exclude the plaintiff's expert's opinion because it was based upon an unsupported assumption). This is because a purported expert opinion that is based upon an unsupported assumption is unreliable and will not aid the trier of fact. *See Boucher v. United States Suzuki Motor Corp.*, 73 F.3d 18, 21-22 (2d Cir. 1996) (citing *In re Air Crash Disaster at New Orleans, Louisiana*, 795 F.2d 1230, 1234 (5th Cir. 1986)).

Thus, for example, in *Quinones-Pacheco*, the First Circuit affirmed the district court's decision excluding the plaintiff's expert report, where the plaintiff's expert sought to opine on the plaintiff's future lost earnings based on the unsupported assumption that the plaintiff suffered from a permanent disability. *See Quinones-Pacheco*, 979 F.2d at 6. More specifically, the plaintiff's expert, relying on the assumption that the plaintiff suffered from a permanent disability, opined that the plaintiff could not perform certain jobs and, therefore, suffered significant damages in the form of lost earnings. *Id.* However, the expert's assumption that the plaintiff suffered from a permanent disability was unsupported by the record. *Id.* Accordingly, the court rejected the plaintiff's expert report and the First Circuit affirmed. *See id.*

Similarly, here, the cornerstone of Kirk-Fair's opinion that this action is not suited for class treatment is based upon the unsupported assumption that Plaintiff must prove reliance on,

9

and knowledge of, Berkshire's overdraft policies and practices to establish liability. *See* Ex. 1, ¶ 16. As further set forth, *supra*, however, none of Plaintiff's claims require proof of reliance.

Additionally, Kirk-Fair's opinion that class member damages cannot be proven on a class-wide basis is based on her unsupported assumption that the experiences and understandings of class members have to be the same or similar. *See id.* at ¶¶ 16, 35, 81, 87. This, however, is not what is required by the law. *See Tigges v. AM Pizza, Inc.*, 2016 U.S. Dist. LEXIS 100366, *29 (D. Mass. 2016) (holding that a putative class usually satisfies the typicality requirement "irrespective of the varying fact patterns underlying the individual claims"); *see also In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) ("even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct") (citations omitted). Accordingly, Kirk-Fair's opinion is unreliable because it is based upon an incorrect and unfounded assumption.

Similarly, Kirk-Fair's opinion that Plaintiff is not "typical" of the Class is based on unsupported assumptions regarding typicality under Federal Rule 23(a)(3). As an initial matter, Kirk-Fair improperly opines that Plaintiff is not "typical" based on her observation that Plaintiff is an "outlier" in connection with the issues she analyzed. *See* Ex. 1, ¶ 16; *see also* Ex. 2, pp. 63-64. However, the typicality requirement under Federal Rule 23(a)(3) does not require that a plaintiff's experiences be the same as other class members or preclude individuals who are "outliers." Rather, it only requires that the claims of the plaintiff and absent class members be based on the same course of conduct. *See* Fed. R. Civ. P. 23(a)(3); *Tigges*, 2016 U.S. Dist. LEXIS 100366 at *28-29.

Kirk-Fair also improperly opines that Plaintiff is not "typical" based on the unsupported assumption that Plaintiff's experiences must be "extrapolated" to other class members. *See* Ex. 1, ¶ 34. This too, is incorrect. Indeed, if Kirk-Fair's opinions regarding typicality were accepted, it would effectively require class action plaintiffs to engage in sophisticated statistical studies and surveys to show their experiences are "typical" to those of absent class members. Neither Rule 23 nor common sense supports such an approach.

Tellingly, Kirk-Fair could not point to a single study or piece of literature that discussed the attributes of a "typical" class representative. *See* Ex. 2, p 27. Nor has she ever previously rendered an expert opinion that a class representative was or was not "typical." *See id.* at pp. 41-42. Indeed, Kirk-Fair admits that her analysis is only relevant if the Court finds that a customers' individual experiences and understandings about overdraft fees are relevant to Plaintiffs' claims or Plaintiff's motion for class certification. *See id.*, p. 52. As demonstrated above, they are not.

Accordingly, because Kirk-Fair's report is based upon numerous unsupported assumptions, her opinions and anticipated testimony must be excluded.

### C. Kirk-Fair's Opinions Should Be Excluded as Inadmissible Legal Opinion

It is well-settled that an expert report that purports to opine on what the applicable law is or what conclusion the fact finder should reach must be rejected as inadmissible. *See* Fed. R. Evid. 702; *see also Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997); 4-702 Weinstein's Federal Evidence § 702.03 (2018). Thus, an expert may not opine on the meaning or import of regulations, instruct the court on the applicable law, construe legally relevant provisions, or render an opinion which tends to reach a conclusion that applies the law as the expert understands it. *See Adams v. New Eng. Scaffolding, Inc.*, 2015 U.S. Dist. LEXIS 170688, *16 (D. Mass. 2015) ("experts cannot testify that they have applied a set of facts to the law and

11

concluded that that facts constitute a violation of the law"); *see also Stobie Creek Invs. LLC v. United States*, 2010 U.S. App. LEXIS 11927, at *43-44 (Fed Cir. 2010) (excluding expert testimony that improperly sought to interpret laws and regulations). Accordingly, expert testimony that consists of legal conclusions cannot properly assist the trier of fact and is therefore rightly excluded. *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997); *see also Breezy Point Coop. v. Cigna Prop. & Cas. Co.*, 868 F. Supp. 33, 35-36 (E.D.N.Y. 1994).

Here, Kirk-Fair's report is nothing more than an attempt to instruct the Court on the law as it pertains to typicality. Thus, Kirk-Fair purports to construe the provisions of Federal Rule of Civil Procedure 23 and improperly opine on whether Plaintiff is a "typical" class representative. *See* Ex. 1, ¶¶ 16, 34-49. Among her impermissible legal opinions, Kirk-Fair purports to opine that to support a finding of typicality under Rule 23, the experiences and understandings of class members have to be the same. *See id.* at ¶¶ 16, 35, 81, 87. Kirk-Fair further impermissibly opines that a class representative will only be "typical" if his or her experiences can be "extrapolated" to other class members. *See id.* at ¶ 34. After interpreting Rule 23 as imposing these requirements, Kirk-Fair concludes that Plaintiff is "atypical." *See id.* at ¶¶ 16, 49. This is precisely the type of opinion that has been excluded as an improper legal opinion. *See e.g.*, *Berry v. City of Detroit*, 25 F.3d 1342, 1350-1353 (6th Cir. 1994) (expert opinion purporting to apply facts in the case to his understanding of the law was properly excluded under Rule 702 because operative issue was legal term within court's province to construe); *see also Adams*, 2015 U.S. Dist. LEXIS 170688 at *26.

Accordingly, because Kirk-Fair's opinions constitute impermissible legal opinion, her expert report must be excluded for this additional reason.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that her motion be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 21, 2018

Respectfully submitted,

*/s/ Lee S. Shalov*
Lee S. Shalov (pro hac vice)
Wade C. Wilkinson (pro hac vice)
Jason S. Giaimo (pro hac vice)
**McLAUGHLIN & STERN LLP**
260 Madison Ave.
New York, New York 10016
Tel: (212) 448-1100
lshalov@mclaughlinstern.com
wwilkinson@mclaughlinstern.com
jgiaimo@mclaughlinstern.com

Angela M. Edwards (BB No. 565111)
**Law Offices of Angela Edwards**
72 Canterbury Circle
East Longmeadow, Mass. 01028
Tel: (413) 525-3820
angelaedwards@charter.net

Jeffrey S. Morneau, Esq. (BB No. 643668)
**CONNOR, MORNEAU & OLIN, LLP**
273 State Street, Second Floor
Springfield, Massachusetts 01103
Tel: (413) 455-1730
Fax: (413) 455-1594
jmorneau@cmolawyers.com

*Attorneys for Plaintiff and Proposed Counsel for the Class*