UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANDRA BOND, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 3:16-cv-30050-MGM |
| v. | ) ) | |
| BERKSHIRE BANK and BERKSHIRE HILLS BANCORP, | ) ) ) | |
| Defendants. | ) ) | |

## JOINT SUBMISSION REGARDING OCTOBER 2nd ORAL ARGUMENT

In connection with oral argument for two pending motions scheduled for hearing at 11:00 a.m. on October 2, 2018, Plaintiff Sandra Bond ("Plaintiff") and Defendants Berkshire Bank ("Bank") and Berkshire Hills Bancorp, Inc. (together, "Defendants") jointly submit their competing proposals for oral argument.   The two motions are Plaintiff's motion for class certification (Dkt. No. 97) and Plaintiff's Motion to Exclude Defendants' Expert (Dkt. No. 102) (the "Motions").  In support of this joint submission, the parties state as follows:

**Status of Motions**

1.      Plaintiff filed her motion for class certification on May 10, 2018.  The motion was initially filed under seal and was filed with redactions on September 4, 2018 (Dkt. No. 97).

2.      Plaintiff filed her motion to exclude Defendants' expert on May 21, 2018.  That motion was also filed under seal and was filed with redactions on September 4, 2018 (Dkt. No. 102).

3.     Defendants filed their oppositions, under seal, to both Motions on July 13, 2018. Defendants then filed their oppositions to both Motions with redactions on September 4, 2018 (Dkt. Nos. 88 and 95).

4.     Plaintiff's replies for both Motions were originally filed under seal on August 15, 2018. The replies were filed with redactions on September 4, 2018 (Dkt. Nos. 100 and 105).

5.     Pursuant to the Court's scheduling order of July 3, 2017, oral argument for the class certification motion was initially scheduled for 11:00 a.m. on September 10, 2018 (Dkt. No. 50). Prior to the initial date for oral argument, the parties agreed to participate in a mediation, held on September 5, 2018, and requested a new date for oral argument. The Court granted the request and set oral argument on the class certification motion for 11:00 a.m. on October 2, 2018 (Dkt. No. 85).

6.     Plaintiff did not initially request oral argument for her motion to exclude Defendants' expert. However, Defendants do not object to oral argument on that motion and Plaintiff respectfully requests that oral argument on the motion to exclude Defendants' expert also be heard on October 2, 2018.

7.     The parties have met and conferred regarding how the oral argument for the Motions should proceed. Although both parties request that a total of two hours, equally divided, be devoted to argument at the October 2nd hearing, they have been unable to agree on the breakdown, order or timing of the oral arguments. The parties' respective positions are set forth below.

**Plaintiff's Position**

8.      Plaintiff respectfully submits that the oral argument on the Motions should be heard consecutively, rather than concurrently.  This will avoid conflation of arguments on the two Motions and will prevent confusion.

9.      Therefore, Plaintiff proposes the following schedule for oral argument on the Motions:

      a.  11:00 a.m. – 12:30 p.m. – oral argument for the class certification motion;

            i.  30 minutes for Plaintiff;

            ii.  45 minutes for Defendants;

            iii.  15 minutes for Plaintiff's rebuttal; and

      b.  12:30 p.m. – 1:00 p.m. – oral argument for motion to exclude Defendants' expert;

            i.  10 minutes for Plaintiff;

            ii.  15 minutes for Defendants;

            iii.  5 minutes for Plaintiff's rebuttal.

10.     It is Plaintiff's understanding that Defendants wish to be permitted the opportunity for sur-rebuttal at oral argument.  Plaintiff respectfully submits that because both Motions are submitted by her, she should be the last party to be heard at oral argument for both Motions.

11.     Plaintiff also respectfully requests that multiple attorneys be permitted to present oral argument in the following manner:

      a.  Lee S. Shalov will argue the typicality and adequacy portions of the class certification motion and he will argue, in its entirety, the motion to exclude Defendants' expert; and

      b.  Angela Edwards will argue all other portions of the motion for class certification, excluding typicality and adequacy.

**Defendants' Position**

12.       Plaintiff's <u>Daubert</u> motion seeks the exclusion of the testimony of one of Defendants' experts solely on grounds of relevance, not reliability.  The relevance arguments, and the expert testimony to which they pertain, overlap with some of the class certification arguments.  Consequently, Defendants do not believe it is realistic to treat the two motions as entirely separate for purposes of oral argument.  Defendants also wish to have the flexibility to spend more than 45 minutes arguing the class certification issues, and believe that devoting 30 minutes solely to the <u>Daubert</u> motion may not be the best use of the Court's time.  In addition, given the complexity of the issues, and the need for the Court to conduct a "rigorous analysis" with respect to the class certification motion, Defendants believe it is appropriate to reserve a brief amount of time for sur-rebuttal.

13.        For these reasons, Defendants propose the following time allocation, combined for both motions:

    a. Plaintiff's Argument: 45 minutes

    b. Defendants' Argument: 50 minutes

    c. Plaintiff's Rebuttal:  15 minutes

    d. Defendants' Sur-Rebuttal:  10 minutes

14.       Defendants do not oppose Attorneys Shalov and Edwards each presenting oral argument; however, if the Court allows Plaintiff's request, Defendants request that Plaintiff's counsel present their arguments within Defendants' proposed hearing structure.

WHEREFORE, the Parties jointly submit the above proposals and respectfully request that an order be entered regarding the conduct and timing of the October 2nd hearing.

Dated:  September 20, 2018

Respectfully submitted,

Plaintiff, by her attorneys,                    Defendants, by their attorneys,

/s/ **Jeffrey S. Morneau**                      /s/ **Donald R. Frederico**
Jeffrey S. Morneau, Esq. (BBO No. 43668)        Donald R. Frederico, Esq. (BBO No. 178220)
CONNOR, MORNEAU & OLIN, LLP                     PIERCE ATWOOD LLP
273 State Street, Second Floor                  100 Summer Street, Suite 2250
Springfield, Massachusetts 01103                Boston, Massachusetts 02110
(413) 455-1730                                  (617) 488-8100

/s/ **Angela Edwards**                          /s/ **Lucus R. Ritchie, Esq.**
Angela Edwards, Esq. (BBO No. 565111)           Lucus R. Ritchie, Esq. (pro hac vice)
72 Canterbury Circle                            Joshua D. Dunlap (BBO No. 672312)
East Longmeadow, Massachusetts 01028            PIERCE ATWOOD LLP
(413) 525-3820                                  254 Commercial Street
                                                Portland, ME 04101
                                                (207) 791-1100

/s/ **Lee S.Shalov**
Lee S. Shalov
MCLAUGHLIN & STERN, LLP
260 Madison Ave.
New York, NY 10016
(212) 448-1100

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2018, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will distribute a copy of the document to all counsel of record.

DATED: September 20, 2018

/s/ **Lee S.Shalov**
Lee S. Shalov
MCLAUGHLIN & STERN, LLP
260 Madison Ave.
New York, NY 10016
(212) 448-1100

*Attorney for Plaintiff*