UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BOND, individually and on behalf of all others similarly situated, )))) | |
| Plaintiff ) | Civil Action |
| ) | No. 3:16-cv-30050-MGM |
| v. ) | |
| ) | |
| BERKSHIRE BANK and BERKSHIRE HILLS BANCORP, )) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO NOTICE
OF SUPPLEMENTAL AUTHORITY**

In their Notice of Supplemental Authority filed October 16, 2018 (Doc. No. 116), Defendants sought to describe relevant parts of the First Circuit's decision in *In re Asacol Litigation*, issued on October 15, 2018, without providing improper post-hearing argument. However, because Plaintiff's response to Defendants' Notice (Doc. No. 118) presents such argument, Defendants feel compelled to reply.

In her response, Plaintiff states that "members of the [two proposed classes] all suffered damages based on the faulty disclosures provided by Defendants to each and every class member." (Emphasis added). For support, she relies on the ability of her expert to identify instances when class members incurred overdraft fees as a result of Berkshire Bank's practice of using the available balance to assess overdraft fees.

The ability to glean from the data when a customer has incurred fees as a result of Berkshire Bank's practices is not sufficient to establish that a customer has suffered an injury-in-fact as a result of allegedly "faulty disclosures," which – as Plaintiff herself again makes clear in

{W6932778.1}

her response – is the basis for Plaintiff's claims under Chapter 93A, the consumer statutes of other states, and common law. Rather, whether a "faulty disclosure" of overdraft practices has harmed a person depends on whether the customer read the disclosure, misunderstood the practices as a result of the disclosure's allegedly deficient description, and incurred overdraft fees because of that misunderstanding. A person who misunderstood the practices as a result of a "faulty disclosure" but gained a correct understanding based on a conversation with a bank employee, such as a conversation that took place at account opening or when a customer requests a refund, would not have suffered any injury-in-fact for overdraft fees incurred after any such conversations. And persons who intentionally overdrew their accounts, for example to pay important bills, knowing that they would incur a fee for doing so, also would not have been injured as a result of any issues with the disclosure. The record demonstrates that these issues will plague absent class members' claims. (*See, e.g.*, Doc. No. 88, at 10-11, 27-29).

As Plaintiff's expert admitted in his deposition, none of these issues can be addressed through the expert's analysis of the data. (*See id.* at 42-43). And, as explained in the declarations of the Bank's employees and the expert report of Rebecca Kirk-Fair, there is wide variation among bank customers in terms of their understandings and preferences with respect to overdraft practices. (*See id.* at 17-18). Indeed, that variability explains why Plaintiff has not sought certification of an actual damages class for her EFTA claim. There is no meaningful difference between that statute's requirement of injury-in-fact and the similar requirement under Chapter 93A, other state consumer protection statutes, and common law. And, as explained at the hearing this Court held on October 2nd, although Plaintiff attempts to distinguish the statutes by citing language from Chapter 93A decisions that says that causation, but not reliance, is required to establish liability, several Massachusetts cases also explain that, where a plaintiff

{W6932778.1}

alleges that a defendant engaged in a deceptive practice, as Plaintiff does here, reliance is an essential link in the chain of causation that is required to establish liability.

Finally, despite Plaintiff's suggestion to the contrary, she has not presented the Court with a plan that would allow Defendants to challenge claims of thousands of class members who have not suffered any injury-in-fact. Nothing in her submission explains how the Court would be able in a class action to separate uninjured class members (*e.g.*, persons who did not read the disclosures or who fully understood and accepted the Bank's overdraft practices) from allegedly injured class members. For these reasons, this case is indistinguishable from *Asacol*, and the First Circuit's decision requires denial of Plaintiff's Motion for Class Certification.

October 17, 2018                                    Respectfully submitted,

/s/ Donald R. Frederico
Donald R. Frederico, Esq. (BBO No. 178220)
PIERCE ATWOOD LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 488-8100

Lucus R. Ritchie, Esq. (pro hac vice)
Joshua D. Dunlap (BBO No. 672312)
PIERCE ATWOOD LLP
254 Commercial Street
Portland, ME 04101
(207) 791-1100

{W6932778.1}

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the foregoing document using the Court's CM/ECF system.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Donald R. Frederico
Donald R. Frederico, Esq. (BBO No. 178220)
PIERCE ATWOOD LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 488-8100

*Attorney for Defendants*

{W6932778.1}