## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SANDRA BOND, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BERKSHIRE BANK and BERKSHIRE HILLS BANCORP,<br><br>        Defendants. | Civil Action No. 3:16-cv-30050-MGM |

## ORDER OF FINAL APPROVAL OF SETTLEMENT

This matter is before the Court on Plaintiff's motion for final approval of class action settlement and Plaintiff's application for attorneys' fees, reimbursement of expenses, and service award. *See* ECF No. 147. Having considered the written submissions and after oral argument at hearing on February 12, 2020, the Court hereby grants both motions for the reasons set forth below.[1]

## BACKGROUND

On March 21, 2016, Plaintiff filed this action on behalf of herself and all others similarly situated against Defendants Berkshire Bank ("Berkshire Bank") and Berkshire Hills Bancorp., Inc. (collectively, "Defendants"), alleging that she and other Berkshire Bank account holders were improperly charged overdraft fees in breach of the terms and conditions governing their accounts. In addition, Plaintiff alleged that Berkshire Bank failed to accurately disclose the methodologies and practices it utilized in imposing overdraft fees. Based on these allegations, Plaintiff asserted common law claims for breach of contract, breach of the duty of good faith and fair dealing,

---

[1]     Unless specifically modified, all capitalized terms used herein shall have the same meaning as they have in the Settlement Agreement and Release between the Parties (the "Settlement Agreement"). ECF No. 134-1.

unconscionability, conversion and unjust enrichment. Plaintiff also asserted a statutory claim under the Electronic Funds Transfer Act, 12 C.F.R. § 205.17(b)-(c), which governs the notice banks must provide customers regarding overdraft fees and sets forth a mechanism for customers to consent to a bank's overdraft policies.

On July 15, 2016, Plaintiff filed a First Amended Class Action Complaint (the "Amended Complaint"), which included a claim for violations of Massachusetts General Laws, Chapter 93A. Soon thereafter, Defendants filed an Answer to the Amended Complaint, denying Plaintiff's principal allegations and asserting a variety of affirmative defenses to Plaintiff's claims, including Plaintiff's alleged lack of standing, the statute of limitations, and the voluntary payment doctrine.

On November 16, 2016, Magistrate Judge Katherine A. Robertson issued an Initial Scheduling Order that outlined the scope of pre-certification discovery. After the order entered, the Parties aggressively pursued discovery. Defendants produced approximately 165,000 pages of documents, which included: (i) Plaintiff's account statements; (ii) thousands of emails between Defendants' executives regarding overdraft fees; (iii) the terms and conditions governing customer accounts; (iv) customer disclosures regarding overdraft fees, including changes to those disclosures between 2012 and 2016; (v) overdraft studies performed by Berkshire Bank's outside advisors; (vi) Berkshire Bank's computer algorithms relating to overdraft fees, including the circumstances in which "preauthorization holds" triggered the imposition of such fees; and (vii) documents reflecting the revenues and net profits generated by Berkshire Bank's overdraft fees. Additionally, twelve depositions were taken, including of the named Plaintiff, Defendants' executives and witnesses, and three experts.

On May 10, 2018, Plaintiff filed her motion for class certification pursuant to Federal Rules 23(a) and (b)(3) seeking certification of two classes of Berkshire Bank account holders: (i) the

Berkshire Sufficient Funds Class; and (ii) the EFTA Class (the "Class Motion"). *See* ECF Nos. 97-99. In addition to the Class Motion, Plaintiff moved to exclude the expert report and testimony of Defendants' expert, Rebecca Kirk Fair, pursuant to Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (the "Daubert Motion"). *See* ECF No. 103. On July 13, 2018, Defendants filed extensive briefs in opposition to the Class Motion and Daubert Motion. *See* ECF Nos. 88, 95.

While briefing on the Class Motion and Daubert Motion was underway, the parties agreed to explore the possibility of settlement and retained the services of Eric D. Green of Resolutions, L.L.C., a highly experienced mediator in complex commercial class actions including overdraft fee litigations such as this case. While counsel for the Parties negotiated in good faith at the mediation, they did not reach agreement on an acceptable settlement figure. Nonetheless, counsel continued to negotiate through Mr. Green telephonically and via email after the mediation session. As a result of these efforts, the Parties preliminarily agreed in early January 2019 to settle the litigation for a total payment of $3 million.

On or about April 10, 2019, the Parties executed the Settlement Agreement, which Plaintiff filed with the Court the next day, together with Plaintiff's motion for preliminary approval of the Settlement. *See* ECF Nos. 132-134. After a hearing on July 24, 2019, the Court entered an Order Directing Notice of Class Action Settlement (the "Preliminary Order"), pursuant to which the Court, among other things: (i) found that it likely would be able to approve the Settlement pursuant to Federal Rule 23(e)(2); (ii) found that it likely would be able to certify the Settlement Class for settlement purposes; (iii) directed issuance of notice to the Settlement Class; and (iv) set a date for a final approval hearing. *See* ECF No. 143.

Pursuant to the plan previously approved by the Court, notice has been disseminated to the Settlement Class Members and the time period for class members to object or exclude themselves from the Settlement Class has expired. No Settlement Class Member has objected to the proposed Settlement, the application of Class Counsel for attorneys' fees and reimbursement of expenses, or Plaintiff's proposed service award. Only six Settlement Class Members have opted out.

## SETTLEMENT TERMS

Under the terms and conditions of the Settlement Agreement, Defendants have transferred One Million Dollars ($1,000,000.00) to the Settlement Administrator for deposit into the Settlement Fund, and shall transfer the remaining Two Million Dollars ($2,000,000.00) to the Settlement Administrator for deposit into the Settlement Fund within five business days after the Effective Date. These transfers shall fulfill and extinguish all of Defendants' financial obligations under the Settlement Agreement. *See* ECF No. 134-1. The Settlement Fund is inclusive of all monetary payments to Settlement Class Members; all fees, costs, charges, and expenses of notice and administration of the settlement; all attorneys' fees, costs, and expenses awarded to Class Counsel; the Service Award to Plaintiff for her work on behalf of the Settlement Class; and any and all other costs and expenses associated with the Settlement. *See id.*

This Settlement is a "claims-made" settlement, meaning that in order to receive a distribution from the Net Settlement Fund (defined as the Settlement Fund less all attorneys' fees and expenses, costs of notice and administration of the Settlement and the Service Award to Plaintiff), a Settlement Class Member was required to submit a timely and valid Claim Form. *See, e.g., In re Pharmaceutical Industry Average Wholesale Price Litigation*, 588 F.3d 24 (1st Cir. 2009) (affirming approval of claims-made class action settlement). The Claim Form was available on the Settlement Website, and could be completed and submitted online. *See* ECF No. 151. A link to the online Claim Form was also included with the Email Notice. *See id.* In addition, a

hard copy Claim Form was provided with the Mail Notice, which could be completed and returned by mail. *See id.* The deadline for Settlement Class Members to submit a Claim Form was January 8, 2020. *See id.*; *see also* ECF No. 134-1. The claims rate was 9.4% (representing 7,939 claims from a total possible 84,684 claimants), which is well within the reasonable range of claims rates for consumer class actions such as this. *See, e.g., Stinson v. City of New York*, 256 F. Supp. 3d 283, 289-293 (S.D.N.Y. 2017) (approving class action settlement with claims rate of approximately 4%); *Chen v. Hiko Energy, LLC*, 14 Civ. 1771 (VB) (S.D.N.Y. May 9, 2016) (noting that claims rate of 3.34% was "within the normal range in class action settlements of this type."); *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 625–26 (11th Cir. 2015) (approving 7.26 million-member settlement class when just 55,346—less than 1%—filed claims). The amount any individual Settlement Class Member will receive from the Net Settlement Fund is based on the number of people in the Settlement Class who submitted timely and properly completed Claim Forms and the amount of Overdraft Fees each such Eligible Class Member paid as a result of Berkshire Bank's overdraft fee policy. *See* ECF No. 134-1. Settlement Fund payments to Current Account Holders shall be made by a credit to those account holders' accounts. Net Settlement Fund payments to Past Account Holders will be made by check. *See id.* Assuming a Net Settlement Fund totaling $1,576,930.50 (*i.e.*, the Settlement Fund less (1) the amount Plaintiff seeks in attorneys' fees and expenses, costs of notice and administration of the Settlement and the Service Award, and (2) the Settlement Administrator's high-end estimate of $150,000 for administration costs (ECF No. 151)), the average expected individual payment is $198.63.

## APPROVAL OF CLASS NOTICE

The Settlement Class has been notified of the Settlement pursuant to the plan approved by the Court. After having reviewed the Declaration of Andy Morrison (ECF No. 151), the Court hereby finds that notice was accomplished in accordance with the Court's directives. The Court

further finds that the notice program constituted the best practicable notice to the Settlement Class under the circumstances and fully satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court also finds that the requirement of 28 U.S.C. § 1715 have been satisfied.

## APPROVAL OF THE SETTLEMENT

The Court finds that the Parties' Settlement is fair, reasonable, and adequate in accordance with Rule 23; was reached without collusion or fraud; and satisfies all of the requirements for final approval. In so doing, the Court has considered each of the following criteria in Rule 23(e) and hereby finds that (1) the Plaintiff and Class Counsel have adequately represented the Settlement Class; (2) the Settlement was negotiated at arm's-length; (3) the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of the proposed methods of distributing relief to the Settlement Class, the terms of the proposed award of attorneys' fees, and any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other.

The Court also finds, based on the well-developed record, that Class Counsel were well prepared, understood the merits of the case, and had sufficient information to evaluate the proposed settlement. Additionally, the Court finds that Class Counsel settled for a fair, reasonable, and adequate percentage of the overdraft fees that likely could be recovered for Settlement Class Members if the case went to trial. Therefore, the Settlement is an excellent result for the Settlement Class considering the significant risks and substantial expense of continued litigation, particularly since the Settlement Class will receive the benefits of the Settlement promptly.

In making these findings, the Court has relied upon its knowledge of the litigation and the risks faced by Plaintiff; the terms of the Settlement Agreement and the benefits it makes available

to the Settlement Class; the motions and supporting papers submitted by Plaintiff; and the opinions

of Class Counsel and Plaintiff.

Accordingly, pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves, in all

respects, the proposed Settlement and finds that the Settlement Agreement and the allocation plan

for distributing the settlement funds are in all respects fair, reasonable, and adequate, and are in

the best interests of the Settlement Class.

**CERTIFICATION OF THE SETTLEMENT CLASSES**

The Court hereby certifies, for settlement purposes only, the following Settlement Class:

> All holders of consumer checking, demand deposit or savings
> accounts maintained by Berkshire Bank in the United States who,
> from July 1, 2010 though and including July 24, 2019, incurred one
> or more Overdraft Fees in any such account.

Excluded from the Settlement Class are all current Berkshire Bank or Berkshire Bancorp,

Inc. employees, officers and directors, and the judge presiding over this Action.  Also excluded

are the six individuals who excluded themselves by opting out in accordance with the provisions

set forth in the Notice.[2]

The Court finds that all the prerequisites of Rule 23(a) and (b)(3) have been satisfied for

certification of the Settlement Class for settlement purposes only.  The Settlement Class, which

includes thousands of current and former customers, are so numerous that joinder of all members

is impracticable; there are questions of law and fact common to the Settlement Class; the claims

of the Plaintiff are typical of the claims of the members of the Settlement Class; the Plaintiff and

Settlement Class Counsel have and will adequately and fairly protect the interests of the Settlement

Class; and the common questions of law and fact predominate over questions affecting only

---

[2] The names of the six individuals who excluded themselves from the Settlement are attached to this Order as Exhibit A.

individual members of the Settlement Class, rendering the Settlement Class sufficiently cohesive to warrant a class settlement.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class. Defendants have preserved all their defenses and objections against and rights to oppose certification of a litigation class if the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement. Neither this Order, nor the Settlement Agreement, shall constitute any evidence or admission of fault, liability, or wrongdoing of any kind whatsoever by Defendants, or an admission regarding the propriety of certification of any class for litigation purposes, nor shall this Order be offered or received in evidence in any proceeding relating to the certification of a class.

Plaintiff Sandra Bond is hereby appointed as Class Representative of the Settlement Class. Class Counsel—McLaughlin & Stern, LLP and the Law Offices of Angela Edwards—have adequately represented the Settlement Class and are hereby appointed as Settlement Class Counsel.

## ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

The Court hereby grants to Class Counsel a fee in the amount of $990,000.00, which the Court finds to be fully supported by the facts, the record, and the applicable law. This amount shall be paid from the Settlement Fund.

The requested fee is justified under the percentage of the common fund methodology routinely applied in this Circuit. *See In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 306-308 (1st Cir. 1995); *see also Bilewicz v. FMR LLC*, 2014 U.S. Dist. LEXIS 183213, *18 (D. Mass. Oct. 16, 2014). The fee represents one-third of the Settlement Fund, a percentage that is often awarded in common fund class action settlements in this Circuit. *See, e.g., Lauture v. A.C. Moore Arts & Crafts, Inc.*, 2017 U.S. Dist. LEXIS 195147, *3 (D. Mass. Nov. 28, 2017) (awarding one-third of $2.9 million settlement fund and observing

that "[a] fee of one-third is appropriate because it mimics the market"); *In re StockerYale, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 94004, *21 (D.N.H. Dec. 18, 2007) (awarding attorneys' fees of 33%); *Sylvester v CIGNA Corp.*, 401 F Supp 2d 147, 151 (D. Me. 2005) (awarding attorneys' fees of 33.33%); *In re Relafen Antitrust Litig.*, 231 FRD 52, 82 (D. Mass. 2005) (awarding attorneys' fees of 33.33%); *Scovil v. FedEx Ground Package Sys., Inc.*, 2014 U.S. Dist. LEXIS 33361, *22 (D. Me. Mar. 14, 2014) (district court approved a $1.93 million fee award that was one third of the settlement).

The Court has confirmed the reasonableness of the requested fee through an analysis of factors regularly employed in this Circuit, including: (i) the size of the fund and the number of persons benefitted; (ii) the skill, experience, and efficiency of the attorneys involved; (iii) the complexity and duration of the litigation; (iv) the risks of the litigation; (v) the amount of time devoted to the case by counsel; (vi) awards in similar cases; and (vii) public policy considerations. *See Hill v. State St. Corp.*, 2015 U.S. Dist. LEXIS 2166, *11 (D. Mass. Jan. 8, 2015).

Although not required to, courts in this Circuit may "cross-check" the reasonableness of a percentage fee award by comparing it against the estimate fee award under the lodestar method. *See In re Lupron Mktg. & Sales Practices Litig.*, 2005 U.S. Dist. LEXIS 17456, *21 (D. Mass. Aug. 17, 2015). To apply the lodestar method, the Court determines the fee award by multiplying the number of hours reasonably worked by a reasonable billing rate, then the Court considers a multiplier to add or subtract from the lodestar. *See In re Compact Disc Minimum Advertised Price Antitrust Litigation*, 216 F.R.D. 197, 215-16 (D. Me. 2003). Here, Class Counsel are not seeking a multiple on their time. Instead, Class Counsel's lodestar represents a negative multiple on their reported time of 0.57. Thus, Class Counsel are not seeking a "windfall" in connection with this fee request, but instead, will be receiving a significant discount on the time they incurred in

prosecuting this case over a 3½ year period.   Thus, a lodestar cross-check confirms the reasonableness of Class Counsel's requested fee.

The Court hereby grants to Class Counsel the expense reimbursement of $273,069.50, which the Court finds to be fully supported by the settlement, the facts, the record, and the applicable law. *See In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 737 (1st Cir. 1999).   This amount shall be paid from the Settlement Fund.

The Court also hereby grants to Plaintiff Sandra Bond a service award in the amount of $10,000.00.  The Court finds that the payment of this service award is warranted in light of her work on behalf of the Settlement Class and the risk she took in pursuing this case. *See In re Prudential*, 2014 U.S. Dist. LEXIS 170100, *24 (D. Mass. Dec. 9, 2014).

## RELEASES

Pursuant to, and as more fully described in Section XIV of the Settlement Agreement, on the Effective Date, the Releasing Parties shall be deemed to have and, by operation of this Order of Final Approval of Settlement shall have, fully and irrevocably released and forever discharged the Released Parties from all Released Claims, as described in Section XIV of the Settlement Agreement.

## CONCLUSION

For the reasons set forth herein, the Court hereby (a) **GRANTS** final approval of the Settlement Agreement; (b) **CERTIFIES** the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) and (e) for settlement purposes only; (c) finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves the requests for attorneys' fees of $990,000.00, expense reimbursement of $273,069.50, and service award for the Plaintiff of $10,000.00; and (e) will separately enter Final Judgment

dismissing the Action with prejudice. The parties and the Settlement Administrator are directed to carry out the terms of settlement according to the Settlement Agreement.

It is so **ORDERED**.

SIGNED on this ___ day of February 2020.

 

 

Mark G. Mastroianni
United States District Judge